157 A.2d 250 (1959)
Deborah Eldredge DU PONT, Debroah Eldredge duPont, next friend of Deborah Helen duPont, a minor child, Henry Laurence duPont, a minor child, and Harriet Nicole duPont, a minor child, Plaintiffs,
v.
William Henry DU PONT, Defendant.
Court of Chancery of Delaware, New Castle.
November 24, 1959.
Daniel L. Herrmann and William Duffy, Jr., of Herrmann & Duffy, Wilmington, and Laurence H. Eldredge, Philadelphia, Pa., for plaintiffs.
William S. Potter and James L. Latchum of Berl, Potter & Anderson, Wilmington, for defendant.
SEITZ, Chancellor.
This is an action against defendant-husband for separate maintenance for his wife and children. The defendant's income and assets are negligible except for his potentially large interests in certain trusts. Defendant has no present right to any income or corpus and will only take an interest if certain conditions come to pass.
The parties agreed to submit certain issues for determination before trial.
The first issue concerned the power of this court to award a lump sum to plaintiffs. The plaintiffs have now abandoned this prayer in their complaint and so it will be stricken.
The parties also submitted the issue as to whether or not this court has the power to order a division of the defendant's capital assets or property. As I understand it, plaintiffs do not seek a division of defendant's capital assets or property as such. Indeed, there is no such prayer. Plaintiffs do argue that a support order which might require the defendant to use principal assets to make regular payments would not be a division of capital assets. Defendant's reply brief concedes in effect that a husband's principal assets  not solely his income *251  may be considered by the court in fixing the amount of a periodic allowance, assuming availability and assuming the inadequacy of income. In view of the foregoing, I do not believe this case involves any question as to the power of the court to order a division of defendant's capital assets or property.
Finally, the parties submitted the issue as to the power of the court to sequester, attach, impress a lien or sell the interest of the defendant in certain trusts[1].
Since no judgment has yet been entered against defendant the parties agreed at oral argument that we are not now directly concerned with execution process. However, they agreed that the court should decide what defendant has available to pay any support order. In this connection defendant's counsel argues that the defendant's interests in the various trusts (vested versus contingent) cannot be reached either by the defendant or by the court's process and thus it should be determined now that they are not relevant to a determination of defendant's ability to pay. Plaintiffs' counsel concede that defendant cannot now voluntarily reach those interests directly. However, they argue that it cannot be assumed that the defendant's interests are such that it should now be determined as a matter of law that they should not be considered in fixing plaintiffs' allowance.
There is no evidence before the court as to whether through loans or otherwise the defendant could raise money on his interests in the various trusts. Plaintiffs ask that such issue be tried. Although defendant's counsel request the court to take judicial notice of the assumed fact that defendant cannot reasonably realize on his trust interests, the court will not do so. I say this even though there are spendthrift provisions in the trusts. My conclusion is based upon my reluctance to assume the answer to an essentially commercial problem of discretionary import.
The parties have argued at length as to whether defendant's interests are contingent or vested. I have not resolved that matter because at this stage the "security" would appear to be no more nor less available to defendant, whether regarded as contingent or vested. I say this because the "conditions" which must be fulfilled in order for defendant to receive his interests are the same in either event.
I therefore conclude that the court cannot at this stage decide the issue as to whether or not defendant's trust interests would be available in some way through action by defendant to meet any support order which might be entered. That issue will have to be tried. Both sides are free to attempt to find out before trial the reasonable possibilities with regard to the "use" of defendant's trust interests to raise support money.
Plaintiffs suggest that this court need not now consider whether defendant's trust interests can be reached by judicial process. They say this point will not be important until after the defendant is in default on the order fixing the allowance. Normally this would be so but this case is unusual. There is no logic to fixing an amount which the defendant himself cannot raise and which cannot be reached by judicial process. Consequently, if it is determined that defendant cannot himself raise money by the reasonable use of his interests in the various trusts, then the court will be required to decide, in fixing the amount of support, what, if anything, could be realized from his trust interests by judicial process. However, I consider it premature and perhaps academic to express an opinion now as to that issue. The court would prefer to evaluate that situation in the light of the fully developed facts.
*252 Defendant has objected to interrogatories two through six. As I read defendant's argument he claims that the material sought is so remote and isolated in character to the issue of his alleged desertion that it should be excluded. I think the material sought is clearly relevant. Defendant's objection really goes to the question of the weight which should ultimately be accorded it. Defendant's objections to plaintiffs' interrogatories two through six are overruled.
Present order on notice.
NOTES
[1] I note that the issues posed in defendant's motion which were submitted to the court on stipulation, refer to defendant's "contingent trust estates". I assume, however, that plaintiffs did not intend to stipulate as to the word "contingent" because that was one of the issues argued by the parties.